THOMAS E. PATTERSON (CA Bar No. 130723)
MICHAEL L. TUCHIN (CA Bar No. 150375)
DAVID M. GUESS (CA Bar No. 238241)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone:     (310) 407-4000
Facsimile:     (310) 407-9090
Counsel for the LLV Creditor Trust

LENARD E. SCHWARTZER (NV Bar No. 0399)
JEANETTE E. McPHERSON (NV Bar No. 5423)
SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone:     (702) 228-7590
Facsimile:     (702) 892-0122
Local Counsel for the LLV Creditor Trust

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

| In re: | Chapter 11 |
|---|---|
| LAKE AT LAS VEGAS JOINT VENTURE, LLC<br>☐ Affects this Debtor<br>LLV-1, LLC<br>☐ Affects this Debtor<br>LLV HOLDCO, LLC<br>☐ Affects this Debtor<br>LAKE LAS VEGAS PROPERTIES, L.L.C.<br>☐ Affects this Debtor<br>LLV FOUR CORNERS, LLC<br>☐ Affects this Debtor<br>NORTHSHORE GOLF CLUB, L.L.C.<br>☐ Affects this Debtor<br>P-3 AT MONTELAGO VILLAGE, LLC<br>☐ Affects this Debtor<br>THE GOLF CLUB AT LAKE LAS VEGAS, LLC<br>☐ Affects this Debtor<br>MARINA INVESTORS, L.L.C.<br>☐ Affects this Debtor<br>THE VINEYARD AT LAKE LAS VEGAS, L.L.C.<br>☐ Affects this Debtor<br>LLV VHI, L.L.C.<br>☐ Affects this Debtor<br>TCH DEVELOPMENT, L.L.C.<br>☐ Affects this Debtor<br>TC TECHNOLOGIES, L.L.C.<br>☐ Affects this Debtor<br>SOUTHSHORE GOLF CLUB, L.L.C.<br>☐ Affects this Debtor<br>NEVA HOLDINGS, L.L.C.<br>☐ Affects this Debtor<br>☒ AFFECTS ALL DEBTORS<br>Debtors. | Case No. 08-17814-LBR<br>Case No. 08-17815-LBR<br>Case No. 08-17817-LBR<br>Case No. 08-17820-LBR<br>Case No. 08-17822-LBR<br>Case No. 08-17825-LBR<br>Case No. 08-17827-LBR<br>Case No. 08-17830-LBR<br>Case No. 08-17832-LBR<br>Case No .08-17835-LBR<br>Case No. 08-17837-LBR<br>Case No. 08-17841-LBR<br>Case No. 08-17842-LBR<br>Case No. 08-17844-LBR<br>Case No. 08-17845-LBR<br><br>**Jointly Administered Under Case No. BK-S-08-17814-LBR**<br><br>**MOTION OF THE LLV CREDITOR TRUST TO EXTEND THE TIME WITHIN WHICH OBJECTIONS TO CLAIMS MUST BE FILED PURSUANT TO THE PLAN**<br><br>**(AFFECTS ALL DEBTORS)**<br><br>Hearing Date:   January 5, 2011<br>Hearing Time:   2:00 p.m. (Pacific time) |

The LLV Creditor Trust[1] submits this motion (the "**Motion**") for entry of an order, pursuant to Section IV.H of the Plan, section 105(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) extending the time within which the LLV Creditor Trust must object to claims through and including **April 4, 2011**, (ii) authorizing further extensions as to any particular claim with the express written consent of the holder of such claim, and (iii) granting such other and further relief as the Court deems just and proper. The LLV Creditor Trust reserves the right to seek further extensions of the time to object to claims.

The Motion is supported by these moving papers, the concurrently filed *Declaration of Larry H. Lattig in Support of Motion of the LLV Creditor Trust to Extend the Time Within Which Objections to Claims Must Be Filed Pursuant to the Plan*, the record of the above-captioned cases, and any oral or documentary evidence submitted at or prior to the time of the hearing on this Motion.

## I.

## BACKGROUND

This Court confirmed the Plan on July 1, 2010. *See* Dkt. No. 2502. The Plan went effective on July 15, 2010. *See* Dkt. No. 2566. Section IV.H of the Plan provides that "objections to any Claims shall be Filed and served upon the holder of the affected Claim no later than the date that is the later of (a) six (6) months after the Effective Date, *unless extended by the Court* . . . ." (Emphasis added.). Pursuant to the Plan, the last date on which to object to a claim is January 18, 2011. However, the Plan is clear that it is within this Court's discretion to extend that deadline.

Though much work is still to be done, since the Effective Date, the LLV Creditor Trust has worked diligently to meet its obligations under the Plan, including the following:

---

[1] The LLV Creditor Trust was established on the effective date of, and pursuant to, the *Third Amended Chapter 11 Plan of Reorganization Proposed by Lake at Las Vegas Joint Venture, LLC and its Jointly-Administered Chapter 11 Affiliates and the Official Committee of Creditors Holding Unsecured Claims (Dated June 21, 2010)* [Docket No. 2475] (the "**Plan**"). Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan.

1

- Initiating and prosecuting an adversary proceeding against the former insiders of the above-captioned debtors, *Lattig v. 820 Management Trust*, Adv. Pro. Case No. 10-01284-LBR (Bankr. D. Nev.), and numerous other preference actions;

- Reviewing, analyzing, reconciling, and resolving claims, and making repeated written requests for information from claimants that did not provide sufficient information, documentation or other evidence in support of their claims;[2]

- Preparing objections to claims, including both objections that are to be heard concurrently with this Motion and objections to be heard at a future hearing;

- Attempting to resolve other claims consensually, including highly-complicated and fact-intensive claims of Phase II Landowners, who have collectively asserted claims in excess of $200 million, whose claims would be difficult, expensive, and time-consuming to object to through the claims objection process;

Over 400 proofs of claim have been filed against the above-captioned debtors (the "**Debtors**"). In addition, there are over 700 scheduled claims against the Debtors.

## II.

## ARGUMENT

Section IV.H of the Plan provides that "objections to any Claims shall be Filed and served upon the holder of the affected Claim no later than the date that is the later of (a) six (6) months after the Effective Date, ***unless extended by the Court*** . . . ." (Emphasis added.). As a result, the ability of the Court to extend the deadline was fully contemplated and disclosed to all parties.

This extension may also be granted under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b). Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

---

[2] By way of example, the LLV Creditor Trust has mailed letters and a detailed questionnaire to dozens of individuals collectively asserting over $6 million in rejection damage claims relating to the rejection of their golf club memberships with SouthShore Golf Club.

2

F<small>ED</small>. R. B<small>ANKR</small>. P. 9006(b)(1). Bankruptcy Rule 9006 applies to the date by which objections to claims must be filed under a debtor's plan. *See, e.g., Siemens Energy & Automation, Inc. v. Good (In re Heartland Steel, Inc.)*, 389 F.3d 741, 743 (7th Cir. 2004).

The LLV Creditor Trust submits that cause exists for extending the deadline for it to file claims objections. The LLV Creditor Trust has worked extensively since the Effective Date to resolve claims and has made substantial progress in doing so. Extending the deadline is in the best interests of all creditors. The extension will give the LLV Creditor Trust additional time to attempt to resolve additional claims consensually, including the Phase II Landowner claims, hopefully reducing the unnecessary incurrence of attorneys' fees and costs. It will also provide additional time for the LLV Creditor Trust to obtain missing information from claimants. To the extent that this information does not obviate a claims objection, it will nonetheless enable the LLV Creditor Trust to prepare more focused and narrowly-tailored claims objections.

No claimants holding valid claims will be prejudiced by the granting of this Motion. At present, regardless of whether the extension is granted, the LLV Creditor Trust intends to set all claims objections for hearing on May 4, 2011, the next available hearing date for claims objections. Consequently, no creditor will receive a distribution any sooner even if the Motion were not granted.[3] If anything, claimants holding valid claims will benefit from the granting of this Motion. Those claimants have an interest in ensuring that illegitimate claims are disallowed.

### III.

### CONCLUSION

**WHEREFORE**, the LLV Creditor Trust respectfully requests entry of an order (i) extending the time within which the LLV Creditor Trust must object to claims through and including **April 4, 2011**, (ii) authorizing further extensions as to any particular claim with the express written consent of the holder of such claim, and (iii) granting such other and further relief as the Court

---

[3] Although the LLV Creditor Trust aspires to file all claims objections by April 4, 2011, the LLV Creditor Trust reserves the right to seek an additional extension of the deadline to object to claims beyond April 4, 2011. Moreover, by this Motion, the LLV Creditor Trust requests that the Court authorize extensions of the deadline to object to claims beyond April 4, 2011, without further Court order, with the express written consent of the holders of such claims.

deems just and proper. The LLV Creditor Trust further requests that the extension proposed herein be without prejudice to the right to seek further extensions of the deadline, if necessary.

DATED: December 9, 2010          */s/ David M. Guess*
DAVID M. GUESS, an Attorney with
KLEE, TUCHIN, BOGDANOFF & STERN LLP
Counsel for the LLV Creditor Trust