SIDLEY AUSTIN LLP
Elizabeth W. Walker, Esq. (admitted *pro hac vice*)
555 West Fifth Street, 40th Floor
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

GORDON SILVER
William M. Noall, Esq. (Nevada Bar No. 3549)
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone: (702) 796-5555
Facsimile: (702) 369-2666

Attorneys for Credit Suisse AG, Cayman Islands Branch, formerly known as Credit Suisse, Cayman Islands Branch (as successor to Credit Suisse First Boston, Cayman Islands Branch); Credit Suisse Securities (USA) LLC (formerly known as Credit Suisse First Boston LLC); and Credit Suisse AG (collectively, "Credit Suisse")

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

LAKE AT LAS VEGAS JOINT VENTURE, LLC
LLV-1, LLC
LLV HOLDCO, LLC
LAKE LAS VEGAS PROPERTIES, LLC
LLV FOUR CORNERS, LLC
NORTHSHORE GOLF CLUB LLC
P-3 AT MONTELAGO VILLAGE LLC
THE GOLF CLUB AT LAKE LAS VEGAS LLC
MARINA INVESTORS LLC
THE VINEYARD AT LAKE LAS VEGAS LLC
LLVVHI LLC
TCH DEVELOPMENT LLC
TC TECHNOLOGIES LLC
SOUTHSHORE GOLF CLUB LLC
NEVA HOLDINGS LLC

Jointly Administered Reorganized Debtors.

BK **08-17814 MKN Lead Case**
BK 08-17815 MKN BK 08-17832 MKN
BK 08-17817 MKN BK 08-17835 MKN
BK 08-17820 MKN BK 08-17837 MKN
BK 08-17822 MKN BK 08-17841 MKN
BK 08-17825 MKN BK 08-17842 MKN
BK 08-17827 MKN BK 08-17844 MKN
BK 08-17830 MKN BK 08-17845 MKN
**Joint Administration**

Chapter 11

**DECLARATION OF T. RAY GUY IN SUPPORT OF MOTION OF CREDIT SUISSE FOR ORDER DIRECTING DISTRIBUTION OF PRE-PETITION LENDER NET LITIGATION PROCEEDS FOR APPLICATION TO INDEMNIFICATION OBLIGATIONS**

Hearing Date: TBD
Time: TBD
Place: Courtroom No. 2
Foley Federal Building
300 Las Vegas Blvd. South
Estimated Time for Argument: Two Hours

I, T. Ray Guy, hereby declare as follows:

1. I am a partner of the law firm Weil, Gotshal & Manges LLP, counsel to Credit Suisse AG, Cayman Islands Branch, formerly known as Credit Suisse, Cayman Islands Branch (as successor to Credit Suisse First Boston, Cayman Islands Branch); Credit Suisse Securities (USA) LLC (formerly known as Credit Suisse First Boston LLC); and Credit Suisse AG (collectively, "Credit Suisse") in the actions entitled: (1) L.J. Gibson, et al., v. Credit Suisse AG, Credit Suisse Securities (USA), LLC, Credit Suisse First Boston, Credit Suisse Cayman Island Branch, and Cushman & Wakefield, Inc., Case No. 1:10-cv-00001-EJL-REB, United States District Court for the District of Idaho (the "Gibson Litigation"); (2) Hillcrest IV, LLC v. CBRE, Inc., f/k/a/ CB Richard Ellis, Inc., Cause No. DC-11-13282-I (District Court of Dallas County, Texas, 162nd Judicial District) (the "CBRE Litigation"); and (3) Claymore Holdings, LLC v. Credit Suisse AG, Cayman Islands Branch and Credit Suisse Securities (USA) LLC, Cause No. DC-13-07858-G, District Court of Dallas County, Texas, 134th Judicial District (the "Claymore Litigation"). I am one of the attorneys primarily responsible for the conduct of the Gibson Litigation and the Claymore Litigation, and also was one of the attorneys responsible for responding to third-party discovery in connection with the CBRE Litigation. I submit this Declaration in support of the Motion Of Credit Suisse For Order Directing Distribution Of Pre-Petition Lender Net Litigation Proceeds For Application To Indemnification Obligations. Except as to those matters based on information and belief, I have personal knowledge of the facts set forth below and, if called to testify, I could and would competently testify thereto.

## THE GIBSON LITIGATION

2. On January 3, 2010, the plaintiffs filed an original Complaint as a putative class action against Credit Suisse and Cushman & Wakefield, Inc. ("Cushman"). Thereafter, Credit Suisse and Cushman filed motions to dismiss (which were granted in part and denied in part). On April 21, 2011, the plaintiffs filed a Third Amended Complaint. Credit Suisse's and

Cushman's motions to deny class certification were granted and class certification was denied on September 24, 2014. Certain of the initial plaintiffs filed a Motion For Leave To File Fourth Amended Complaint on October 2, 2014, which motion was granted on February 5, 2015. A true and correct copy of the Fourth Amended Complaint ("FAC") is attached hereto as Exhibit O.

3. In the Gibson Litigation, the plaintiffs allege that they purchased real property, club memberships, and homes at one of four resort-style developments including, among others, the development known as Lake Las Vegas Resort -- which is a 3,592 acre master-planned residential development and resort community (the "Lake Las Vegas Project"), located in the City of Henderson, Nevada. (FAC, ¶¶ 1, 136.) The plaintiffs allege that in 2004, Credit Suisse hired Cushman, an appraisal firm, which thereafter prepared appraisals for the Lake Las Vegas Project utilizing an appraisal methodology which was "illegal" and "deceptive". (FAC, ¶ 167.) The plaintiffs claim that the Cushman appraisals were used to induce the developers of the Lake Las Vegas Project into entering into a $570 million loan in November 2004 with Credit Suisse and other lenders -- which placed an excessive debt load on the Lake Las Vegas Project. (FAC, ¶ 172.) The plaintiffs further allege that the terms of the loan extended to the developers of the Lake Las Vegas Project contained covenants, limitations and controls which could force the developers of the Lake Las Vegas Project into financial distress, such that the developers could not avoid defaulting on their debt, and would ultimately face failure and/or liquidation (FAC, ¶¶ 57, 61, 173), and complain of actions that were taken pursuant to the 2007 Credit Agreement, including the appointments of Fred Chin and the Atalon Group "with complete control" over the Lake Las Vegas Project. (FAC, ¶ 14.) The plaintiffs allege that they have been deprived of ownership interests and rights as a result of Credit Suisse's alleged conduct. (FAC, ¶¶ 1, 173)

4. The plaintiffs assert claims for tortious interference with contractual relations, fraud, negligence, and negligent misrepresentations. Credit Suisse has actively litigated the Gibson Litigation for over five years, including, among other matters (and as examples only), the filing of motions to dismiss (which were granted in part, resulting in the dismissal of most of the plaintiffs' claims), successfully opposing the plaintiffs' motions for class certification and

summary judgment, responding to and filing a myriad of other motions, and participating in significant discovery -- including, among other things (and by way of example only), (i) the gathering, review and production of tens of thousands of documents, (ii) the preparation of responses to multiple written discovery requests, (iii) preparing for, taking and defending numerous depositions, and (iv) preparing and propounding written discovery in what is now a lawsuit which names 69 individuals and/or entities as the plaintiffs. On March 10, 2015, Credit Suisse filed its Answer ("Answer") to the FAC, denying all liability. A true and correct copy of the Answer is attached hereto as Exhibit P.

## THE CBRE LITIGATION

5. On October 14, 2011, Plaintiff Hillcrest IV, LLC ("Hillcrest") -- which I am informed and believe was a shell entity created by Highland Capital Management, L.P. ("Highland") to be the assignee of funds managed by Highland -- filed a lawsuit against CBRE. Funds managed by Highland were (and are) Lenders under the 2004, 2005 and 2007 Credit Agreements entered into with the developers of the Lake Las Vegas Project[1]. On November 16, 2012, Hillcrest filed an Amended Original Petition ("Petition"), a true and correct copy of which is attached hereto as Exhibit Q. Hillcrest alleged that CBRE (an appraisal firm engaged by Credit Suisse) issued a fraudulent and inflated appraisal for the Lake Las Vegas Project in 2007 in an effort to induce Hillcrest and other lenders to enter into the 2007 Credit Agreement. (Petition, ¶¶ 6, 7, 10.) Hillcrest claimed that it and other lenders relied on the appraisals prepared by CBRE in deciding to participate in the 2007 Credit Agreement, and, as a result, lost substantial sums of money when that debt was extinguished in the above-referenced Bankruptcy proceedings. (Id. at ¶¶ 6, 11, 12.)

6. Hillcrest asserted claims for fraud and fraudulent inducement, negligent misrepresentation, and civil conspiracy in the CBRE Litigation, in which Credit Suisse was not a

[1] The 2004, 2005 and 2007 Credit Agreements are defined in the Declaration of Elizabeth W. Walker, filed concurrently herewith, and such definitions are incorporated by reference herein.

named party. Hillcrest, however, sought extensive discovery from Credit Suisse. As a non-party, Credit Suisse was required to, among other things, review, gather and produce tens of thousands of documents and prepare for and defend the depositions of several witnesses in California, as well as in New York. Credit Suisse also was forced to conduct motion practice in connection with the CBRE Litigation, including, but not limited to (and as an example only), the filing of a motion for a protective order. On April 26, 2013, and after a confidential settlement between CBRE and Hillcrest (to which Credit Suisse was neither a party nor privy to), the Court ordered an Order of Dismissal with Prejudice of the CBRE Litigation. A true and correct copy of the Order of Dismissal with Prejudice is attached hereto as Exhibit R.

## THE CLAYMORE LITIGATION

7. On July 16, 2013, Plaintiff Claymore Holdings, LLC ("Claymore"), which I am informed and believe is another shell entity created by Highland to be the assignee of funds managed by Highland, filed its original Petition against Credit Suisse arising out of the 2007 Credit Agreement. On August 2, 2013, Claymore filed an Amended Petition and Request for Disclosure ("Amended Petition"), a true and correct copy of which is attached hereto as Exhibit S. Claymore alleges that Credit Suisse conspired with CBRE to create fraudulent and inflated appraisals, which Claymore claims it relied on in entering into the 2007 Credit Agreement. (Amended Petition, ¶¶ 1, 7, 8.) Claymore asserts claims for breach of contract, breach of duty of good faith and fair dealing, fraud by non-disclosure, fraudulent inducement, aiding and abetting fraud, civil conspiracy, and unjust enrichment. On September 15, 2014, Credit Suisse filed its Answer to the Amended Petition, a true and correct copy of which is attached hereto as Exhibit T, and denied all liability.

8. In the Claymore Litigation, Credit Suisse has engaged in substantial discovery, including, among other things (and by way of example only), (i) gathering, reviewing, and producing over 100,000 documents; (ii) preparing for, defending and taking 38 depositions; (iii) reviewing hundreds of thousands of pages of documentation produced by Claymore and

third parties; and (iv) preparing responses to multiple written discovery requests from Claymore, as well as preparing and propounding written discovery to Claymore and several third parties. In addition (and, again, by way of example only), Credit Suisse has engaged in, among other matters, significant pre-trial motion practice, multiple discovery motions, motions for summary judgment, various motions in limine, and Daubert motions.

9. In December 2014, the Claymore Litigation proceeded to a jury trial on the fraudulent inducement claims only. After a two-week trial, the jury found Credit Suisse liable for fraudulent inducement by affirmative representation (but, not liable on Claymore's claim of fraudulent inducement by omission), and that Claymore had incurred $40 million in damages, 65 percent of which was attributable to Credit Suisse. Final judgment has not been entered on the jury verdict. On February 20, 2015, Credit Suisse filed a Motion For Judgment Notwithstanding The Jury's Verdict On Plaintiff's Fraudulent Inducement By Affirmative Misrepresentation Claim Or Alternatively, For Entry Of A Take-Nothing Judgment, which motion is pending. In addition, the remaining claims are the subject of a currently pending motion for summary judgment. Depending on the outcome of the pending motions, the currently set April 20, 2015 trial date may be vacated.

10. As a result of the Gibson, CBRE and Claymore Litigations, Credit Suisse has incurred and paid attorneys' fees and costs in an amount not less than $7,929,000.

I declare under penalty of perjury under the laws of the United States of America and the State of Nevada that the foregoing is true and correct.

Executed on this 12th day of March, 2015 in Dallas, Texas.

T. Ray Guy